IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

SAMUEL MARTINEZ, #01147601    §

VS.    §    CIVIL ACTION NO. 6:22cv041

WARDEN MARSHALL, ET AL.    §

REPORT AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE

Plaintiff Samuel Martinez, a prisoner confined at the Polunsky Unit within the Texas Department of Criminal Justice, proceeding *pro se*, filed this civil rights lawsuit complaining of alleged violations of his constitutional rights. The case was referred to the undersigned United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

On March 16, 2022, after receiving Plaintiff's notice of a change of address, the undersigned issued an order granting Plaintiff an extension of time in which to either submit the requisite $402.00 filing fee or an application for leave to proceed *in forma pauperis* and to file an amended complaint on the standardized section 1983 form, (Dkt. #6). The order provided that Plaintiff shall do so no later than April 18, 2022, and warned Plaintiff that the failure to comply may result in the dismissal of his lawsuit. A copy of this order was sent to Plaintiff at his address. To date, however, Plaintiff neither submitted the filing fee or a motion for leave to proceed *in forma pauperis* nor an amended complaint.

A district court may dismiss an action for the failure of a litigant to prosecute or to comply with any order of the court. Fed. R. Civ. P. 41(b); *see also McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) ("The court possesses the inherent authority to dismiss the action *sua sponte*, without motion by a defendant."). The district court has both specific and inherent power to control its own docket "to control the disposition of the causes on its docket with economy of time." *See U.S.*

1

*v Colomb*, 419 F.3d 292, 299 (5th Cir. 2005); *see also Miller v. Thaler*, 434 F. App'x 420, 421 (5th Cir. 2011) (unpublished).

Here, despite additional time, Plaintiff Martinez failed to comply with the order to either submit the requisite filing fee or file a motion for leave to proceed *in forma pauperis* and to also file an amended complaint on the standardized form—no later than April 18, 2022. Plaintiff's failure to comply with an order of the Court is not an action that threatens the judicial process—thereby rendering a dismissal with prejudice unwarranted. Therefore, upon consideration of all factors, the Court has determined that the interests of justice are best served by a dismissal of this case without prejudice.

<u>RECOMMENDATION</u>

Accordingly, it is recommended that the above-styled action be dismissed, without prejudice, for Plaintiff's failure to comply with an order of the Court.

Within fourteen (14) days after receipt of the Magistrate Judge's Report, any party may serve and file written objections to the findings and recommendations contained in the Report.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

**So ORDERED and SIGNED this 23rd day of May, 2022.**

2

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE